IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HARMON-EL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 20-1307 C |
| | ) | Judge Solomson |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by *pro se* plaintiffs, Xi Chin Clan Nation, Harmon Rhashea Lynn Foreign Trust, The Be Kind and Unified Foreign Family Indigenous Trust, RLH Ma'at Law Office, Guale Yamassee Compliance Department, and Guale Yamassee Juris Consul Office (collectively, plaintiffs). The Court lacks subject matter jurisdiction to entertain plaintiffs' complaint.

## STATEMENT OF THE ISSUE

Whether this Court possesses subject matter jurisdiction to entertain plaintiffs' claims against individuals and entities other than the United States, which claims are also based on various constitutional provisions, treaties, tort law, and the criminal code.

## STATEMENT OF THE CASE

Plaintiffs assert that various private individuals and organizations, state agencies, and state courts stole land through fraudulent mortgage proceedings and that Federal agencies (collectively, the entities) abetted this alleged misconduct. Compl. at ¶¶ 16, 18-20, 34-35, 90-91, 99-100. Plaintiffs provide some examples of specific properties affected by mortgage proceedings they believe were fraudulent. Compl. at ¶ 13. But plaintiffs also contend that the

alleged fraud has been ongoing and continuous from an unknown date.  Compl. at 21, ¶¶ 25-26.[1]  Plaintiffs "assert that [at] all times, no valid legal contract, legal agreements, or legal mortgages existed and that Respondents knew with substantial certainty that no such contract existed between Respondents," including the United States, "and Claimants."  Compl. at ¶ 21.

Plaintiffs claim that the entities' alleged actions violated "United States Federal Constitutional Law," various treaties, and tort and criminal law.  Compl. at 10-11.  They request that this Court award compensation for the claimed offenses, grant punitive damages, and institute a criminal investigation into the alleged ongoing misconduct.  Compl. at 20-21.

## ARGUMENT

I.   Standard of Review

This Court's subject matter jurisdiction — its power, right, and authority to hear and decide a case — is established and defined by the Tucker Act, as amended.  28 U.S.C. § 1491.  The Tucker Act authorizes this Court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . not sounding in tort."  *Id.* § 1491(a)(1).

Additionally, the Tucker Act only confers jurisdiction; it does not create any independent substantive rights enforceable against the United States for money damages.  *Antonellis v. United States*, 723 F.3d 1328, 1331 (Fed. Cir. 2013).  "Jurisdiction is proper where a plaintiff makes a claim for money damages based on a 'money-mandating' source of substantive law and alleges that he is 'within the class of plaintiffs entitled to recover under the money-mandating source.'"

---

[1] Plaintiffs did not provide page numbers in their Complaint and not all of their allegations are contained in numbered paragraphs.  If a paragraph number is provided, that is used; otherwise, the page number of the Complaint pdf is cited.

*Antonellis v. United States*, 106 Fed. Cl. 112, 114 (2012) (quoting *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008)), *aff'd*, 723 F.3d 1328 (Fed. Cir. 2013). "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

Subject matter jurisdiction is a threshold requirement that must be determined at the outset of a case. *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). In determining whether the Court has subject matter jurisdiction to entertain a plaintiff's complaint, the Court presumes the plaintiff's allegations to be true and construes them in the light most favorable to the plaintiff. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). Although a *pro se* plaintiff's pleadings are held to a less stringent standard than those of litigants represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a *pro se* plaintiff's pleadings still must "comply with the applicable rules of procedural and substantive law," *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). In particular, a *pro se* plaintiff is not excused from the burden of meeting the Court's jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "*Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

II.     Plaintiffs' Allegations Fail To Invoke The Court's Jurisdiction Under The Tucker Act

Plaintiffs' complaint should be dismissed because plaintiffs have failed to allege any claim against the United States that would fall within this Court's jurisdiction.

First, pursuant to section 1491(a), this Court's jurisdiction is limited to claims against "the United States." Thus, this Court does not have jurisdiction over claims against the private, state, or court entities named in the complaint, and all claims against them should be dismissed. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Second, plaintiffs' claims based on constitutional provisions also fall outside this Court's jurisdiction. The Tucker Act does not grant this Court the authority to hear every claim involving or invoking the Constitution, only those that "mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation."). The constitutional principles and provisions plaintiffs rely upon, such as the Contract Clause, Commerce Clause, and "Fundamental Rights," are not money-mandating constitutional provisions. *See Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam) ("[E]xcept for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation.").

Third, the various treaties and international legal doctrines plaintiffs cite, Compl. at 10-11, do not support this Court's jurisdiction. "Except as otherwise provided by Act of Congress,

[this Court] shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 1502; *see also El v. United States*, 122 Fed. Cl. 707, 710 (2015) (dismissing claims because "[p]laintiff has not cited any statutes providing this court with the authority to entertain claims under the Treaty of Peace and Friendship, the Universal Declaration of Human Rights, the Declaration of the Rights of the Child, or the Declaration of the Rights of Indigenous Peoples"); *Prophet v. United States*, 106 Fed. Cl. 456, 464 (2012) (holding that various declarations and conventions do not confer jurisdiction on this Court because they "are not acts of the United States Congress, signed by the President of the United States").

Fourth, plaintiffs allege that the various entities used their official positions to fraudulently create and enforce mortgages in order to steal property, and that various Federal agencies abetted this fraud. The Court, however, "does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998). "It is well settled that the Court of Federal Claims lacks jurisdiction over any and every kind of tort claim," including those for fraud, tortious interference in contract, and conspiracy. *Id.*; *Brown*, 105 F.3d at 623; *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979).[2]

---

[2] In headings, plaintiffs attempt to characterize their fraud claims as breach of contract, despite alleging that "no valid legal contract . . . existed" between plaintiffs and the United States. Compl. at ¶ 21. Regardless, "[e]ven where the claim is framed under non-tort law, the court lacks jurisdiction if the essence of the claim lies in tort." *Cottrell*, 42 Fed. Cl. at 149; *see also Brown*, 105 F.3d at 623 (refusing jurisdiction over tax assessment claim because the underlying allegation was fraud).

Even if plaintiffs' allegations included a breach of contract claim, it would be subject to dismissal under Rule 12(b)(6) because plaintiffs have failed to plausibly allege the existence of a valid contract between them and the United States. *Vargas v. United States*, 114 Fed. Cl. 226, 223 (2014) (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)) ("In order to recover for a breach of contract, plaintiff must allege: (1) a valid

5

Fifth, plaintiffs' citation to 18 U.S.C. § 1333, Compl. at 20, and their suggestions that criminal misconduct occurred, *id.* at ¶¶ 30-31, 35, 60, 62, also do not confer jurisdiction on this Court. This Court does not possess jurisdiction to entertain claims based upon alleged criminal violations. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (The Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]").

Finally, this Court should not entertain plaintiffs' requests for an investigation or punitive damages. This Court does not have the ability to order an investigation into the alleged misconduct, *see James v. Caldera*, 159 F.3d 573, 580-81 (Fed. Cir. 1998) (noting that the Court has very limited equitable powers), or to grant punitive damages, *Mastrolia v. United States*, 91 Fed. Cl. 369, 381-82 (2010); *Greene v. United States*, 65 Fed. Cl. 375, 379 (2005).

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

    s/Allison Kidd-Miller
    ALLISON KIDD-MILLER
    Assistant Director

    s/Sarah E. Kramer
    SARAH E. KRAMER
    Trial Attorney

---

contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach.").

                    Commercial Litigation Branch
                    Civil Division
                    Department of Justice
                    P.O. Box 480
                    Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 353-0537
                    Facsimile: (202) 305-2062
                    Sarah.E.Kramer@usdoj.gov

November 24, 2020               *Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 23rd day of November, 2020, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "Defendant's Motion to Dismiss" addressed as follows:

RHASHEA LYNN HARMON-EL
P.O Box 7446
Philadelphia, PA 19101


WHITE OWL
P.O. Box 6666
Woodbridge, VA 22195


<u>s/Sarah E. Kramer</u>
SARAH E. KRAMER